UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>*Plaintiff,*<br><br>v.<br><br>CAROL BELL, in her official capacity as Administrative Law Judge of the Office of the Chief Administrative Hearing Officer; JAMES MCHENRY, in his official capacity as Chief Administrative Hearing Officer; and MERRICK B. GARLAND, in his official capacity as U.S. Attorney General,<br><br>*Defendants*. | Civ. Action No. 1:23-cv-00137 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Space Exploration Technologies Corp. (SpaceX) hereby moves for leave to file its First Amended Complaint for Declaratory and Injunctive Relief (the "Amended Complaint"), attached hereto as **Exhibit A**.

**ISSUE IN DISPUTE**

After SpaceX filed its Complaint for Declaratory and Injunctive Relief [Dkt. No. 1] (the "Original Complaint") and its Motion for Preliminary Injunction [Dkt. No. 11] (the "Preliminary Injunction Motion"), and seemingly in response to the Preliminary Injunction Motion, the Department of Justice's Executive Office for Immigration Review published an interim final rule ("IFR"). *See* Office of the Chief Administrative Hearing Officer, Review Procedures, 88 Fed. Reg.

1

70,586-01 (Oct. 12, 2023) (to be codified at 28C.F.R. pt. 68).[1] On October 17, 2023, the government filed its response to SpaceX's Preliminary Injunction Motion, relying on the IFR to argue that this Court should deny SpaceX's Preliminary Injunction Motion. Dkt. No. 20.

SpaceX's Amended Complaint adds a new count (Count 5) to address the issuance of the IFR.[2] A redline reflecting changes between the Original Complaint and the Amended Complaint is attached as **Exhibit B**. As set forth in the Amended Complaint, SpaceX contends that the DOJ violated the Administrative Procedure Act and exceeded its statutory authority by issuing an IFR that is contrary to law, specifically because the IFR directly conflicts with 8 U.S.C. § 1324b (among other reasons).

SpaceX moves pursuant to Rules 15(d) and 15(a) of the Federal Rules of Civil Procedure to supplement and amend its Original Complaint to add Count 5 and address the issuance of the IFR. *See* FED. R. CIV. P. 15(d) (permitting "supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented"); 15(a)(1)(B) (permitting amendment of pleading once as a matter of course within 21 days of service of a responsive pleading or service of a motion under Rules 12(b), (e), or (f)); 15(a)(2) (permitting amendment with consent of the opposing party or leave of court and noting the "court should freely give leave when justice so requires").

## ARGUMENT

### A. The Amended Complaint Addresses A New Occurrence—The IFR

Under Rule 15(d), a court may permit a party to file a supplemental pleading setting forth transactions, occurrences, or events that have happened since the date of the pleading sought to be

---

[1] For additional detail about the IFR, see paragraphs 37-42 of the Amended Complaint.
[2] Am. Compl. ¶¶ 80-89.

supplemented. Fed. R. Civ. P. 15(d); *see Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). "A supplemental pleading may bring in new claims and parties when the subsequent events alleged stem from [the] original cause[s] of action." *Torres v. James*, No. G-07-0224, 2010 WL 11619369, at *5 (S.D. Tex. Apr. 26, 2010) (citing *Griffin v. County Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 226-27 (1964) (permitting supplement with new parties and different cause of action where the "new transactions were alleged to have occurred as a part of continued" transactions)); *see also Moussazadeh v. Texas Dept. of Criminal Justice*, No. G-07-574, 2009 WL 819497, at *6 (S.D. Tex. Mar. 26, 2009) (noting same).

Here, SpaceX's supplemental pleading is germane to its original claims and directly stems from the government's recent, unlawful actions to circumvent this litigation by publishing an IFR less than four weeks after SpaceX initiated this action. The government now seeks to rely on the unlawful IFR in its opposition to SpaceX's Preliminary Injunction Motion. The IFR does not cure the Appointments Clause violation in 8 U.S.C. § 1324b, and Defendants cannot avoid this litigation by claiming it does. Nevertheless, it would be manifestly unfair for the government to rely on the IFR while refusing to give SpaceX an opportunity to challenge it.[3]

### B. The Court Should Exercise Its Discretion to Grant SpaceX Leave to File the Amended Complaint

The Fifth Circuit has indicated that the Rule 15(a) factors (concerning leave to amend) apply to Rule 15(d), and that granting a Rule 15(d) motion is "within the discretion of the trial court." *Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1193-94 (5th Cir. 1982) (citation omitted), *vacated on unrelated grounds by* 460 U.S. 1007, 103 S. Ct. 1245 (1983). These factors

---

[3] SpaceX notes that this Court may freely recognize the IFR's clear invalidity in assessing SpaceX's constitutional claims, but nevertheless is filing the Amended Complaint with a new claim challenging the IFR to ensure that no procedural barriers prevent this Court from "hold[ing] unlawful and set[ting] aside" the IFR under 5 U.S.C. § 706.

include undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies by amendments, undue prejudice to the opposing party, and futility. *Chemetron*, 682 F.2d at 1194 (citations omitted). When a court considers motions to supplement pleadings, "[l]iberality is the rule." *Ruston v. Gen. Tel. Co. of the Sw*., 115 F.R.D. 330, 332 n.1 (S.D. Tex. 1987).

The relevant factors overwhelmingly support granting SpaceX leave to supplement and amend its Original Complaint. First, there is no undue delay. An event that occurred after the filing of the Original Complaint—DOJ's publishing the IFR on October 12, 2023—gave rise to SpaceX's single new APA claim. SpaceX then filed this motion just 13 days after notice of the IFR, before the government had answered or otherwise responded to the Original Complaint. Further, granting the motion to supplement and amend will not delay this case. Indeed, the alternative—requiring SpaceX to file a separate lawsuit and then move to consolidate it with this lawsuit—would be inefficient and waste judicial resources. And there is no prejudice to the government. The government took the actions that necessitated filing the Amended Complaint—promulgating the unlawful IFR in an apparent effort to circumvent this litigation and injected the issue of the IFR's validity into this litigation by relying on it throughout its opposition to SpaceX's Preliminary Injunction Motion. Additionally, the Amended Complaint is not futile because the government seeks to rely on the unlawful IFR as grounds for denial of SpaceX's Preliminary Injunction Motion and presumably as grounds for dismissal of SpaceX's Original Complaint—and SpaceX raises multiple grounds for holding the IFR unlawful and setting it aside.

In sum, it would make no sense to require SpaceX to file a separate lawsuit challenging the IFR given that SpaceX's arguments concerning the IFR are interrelated with SpaceX's

constitutional claims (as the government's own arguments relying primarily on the IFR confirm). Accordingly, the Court should grant SpaceX's motion to supplement or amend.

## CONCLUSION

SpaceX respectfully urges this Court to grant leave to SpaceX to supplement and amend its Original Complaint and file its Amended Complaint.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 25, 2023 | /s/ Laura Warrick<br>Laura Warrick<br>Attorney-in-Charge<br>Texas Bar No. 24079546<br>Southern District of Texas Bar No. 3437415<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>2300 N. Field Street, Suite 1800<br>Dallas, TX 75201<br>Telephone: (214) 969-4770<br>Facsimile: (214) 969-4343<br>lwarrick@akingump.com<br><br>James E. Tysse (*pro hac vice*)<br>Of Counsel<br>D.C. Bar No. 978722<br>Charles F. Connolly (*pro hac vice*)<br>Of Counsel<br>D.C. Bar No. 455969<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>2001 K Street, N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 887-4000<br>Facsimile: (202) 887-4288<br>jtysse@akingump.com<br><br>*Counsel to Plaintiff Space Exploration Technologies Corp.* |

**CERTIFICATE OF CONFERENCE**

I hereby certify that on October 25, 2023, counsel for Plaintiff conferred with counsel for Defendants about the relief sought herein. Defendants oppose this motion and intend to file a response within ten days.

    /s/ Laura Warrick

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2023, a copy of the foregoing document was filed electronically and served pursuant to this Court's ECF Filing System, upon counsel of record.

    /s/ Laura Warrick
Laura Warrick
Attorney-in-Charge
Texas Bar No. 24079546
Southern District of Texas Bar No. 3437415
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-4770
Facsimile: (214) 969-4343
lwarrick@akingump.com