# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> *Plaintiff*, <br><br> v. <br><br> CAROL BELL, in her official capacity as Administrative Law Judge of the Office of the Chief Administrative Hearing Officer; JAMES MCHENRY, in his official capacity as Chief Administrative Hearing Officer; and MERRICK B. GARLAND, in his official capacity as U.S. Attorney General, <br><br> *Defendants*. | Civ. Action No. 1:23-cv-00137 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**INTRODUCTION**

The government challenges SpaceX's motion for leave to amend and supplement the complaint on two futility grounds. First, the government argues that SpaceX lacks standing to challenge the IFR because SpaceX is not suffering any "injury caused by the IFR." Surreply 5. That is wrong because SpaceX is harmed in multiple ways. It is also irrelevant, as the Court can grant the preliminary injunction regardless. Second, the government argues that SpaceX's challenge to the IFR under the Administrative Procedure Act (APA) fails on the merits, but the interpretive canon the government invokes—which permits courts to resolve genuine statutory ambiguities in favor of constitutional constructions—cannot rescue the IFR from its obvious illegality. In addition, the government purports to offer a new severability argument, but the government forfeited that argument (and it is meritless anyway). This Court should therefore grant SpaceX's motions for leave to amend and for a preliminary injunction.

**I.      SPACEX HAS STANDING TO CHALLENGE THE IFR IN THIS PROCEEDING**

The government contends that, even construing the complaint "in the light most favorable to the plaintiff and with every doubt resolved in [its] behalf," *Beltran v. United States*, No. EP-18-CV-305-KC-MAT, 2019 WL 9094565, at *2 (W.D. Tex. Aug. 7, 2019), SpaceX lacks standing because it is suffering no harm from the IFR. That is wrong.

The Supreme Court has made clear that a plaintiff's injury must be traceable "to allegedly unlawful conduct of the defendant, *not* to the provision of law that is challenged." *Collins v. Yellen*, 141 S. Ct. 1761, 1779 (2021) (emphasis added). The government's standing argument thus "rest[s] on the faulty premise" that SpaceX is "'suing' a regulation." *Franciscan Alliance, Inc. v. Becerra*, 47 F.4th 368, 378 (5th Cir. 2022). In reality, SpaceX is challenging the "one Government action that causes [its] harm"—the OCAHO enforcement proceedings. *Id.* (quoting *Federal Election Comm'n v. Cruz*, 596 U.S. 289, 302 (2022) (emphasis omitted)). "[T]he traceability requirement

1

is satisfied" "because [SpaceX's] concrete injury flows directly from" the unlawful proceedings it challenges, *Collins*, 141 S. Ct. at 1779, and the IFR does not "operate independently" of those proceedings. *Cruz,* 596 U.S. at 301 (quoting *California v. Texas*, 141 S. Ct. 2104, 2119-2120 (2021)). If the IFR "is invalid and unenforceable," the enforcement action against SpaceX "is as well." *Id.* And the "remedy . . . sought . . . would redress [SpaceX's] harm by preventing" the OCAHO proceedings from continuing. *Id.* There is thus no question that, faced with the unlawful OCAHO proceedings, SpaceX has standing to challenge *both* the unconstitutional statute and the invalid IFR promulgated thereunder.

Beyond that, the IFR threatens SpaceX with a separate, related injury. Because DOJ "'literally has no power to act'—including under its regulations—unless and until Congress authorizes it to do so by statute," *Cruz*, 596 U.S. at 301 (2022) (quoting *Louisiana Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986)), the IFR's defective review mechanism is void *ab initio*. Another court will eventually set it aside, even if this one does not. Or DOJ itself might vacate (or substantially amend) the IFR in response to the comments it is currently soliciting. *See* 88 Fed. Reg. 70,586-01, 70,586-70,587 (Oct. 12, 2023) (seeking comments within 60 days). Yet if SpaceX lacks standing to challenge the IFR, SpaceX would have to endure the unconstitutional proceedings and their consequences for months or years until the unlawful IFR is recognized as such. That can't be right. If it were, the government could indefinitely delay—or even entirely short-circuit—constitutional litigation by promulgating blatantly unlawful remedial regulations. There is nothing "puzzling" (Surreply 4) about SpaceX taking steps to avoid that looming harm.

In any event, the Court could grant the preliminary injunction regardless of whether SpaceX supplements or amends. SpaceX moved for leave to do so only out of an abundance of caution, *see* Reply 3 n.1, because in challenging the unlawful proceedings, SpaceX "may raise"

2

arguments that the belated IFR (like the statute) is unlawful, *Cruz*, 596 U.S. at 302. As part of their "decisional process," courts routinely exercise the "negative power to disregard" unlawful enactments. *United States v. Texas*, 143 S. Ct. 1964, 1982 (Gorsuch, J., concurring) (quoting *Commonwealth of Mass. v. Mellon*, 262 U.S. 447, 488 (1923)); *cf. Collins v. Yellen*, 141 S. Ct. 1761, 1788–89 (2021) (noting that "an unconstitutional provision is never really part of the body of governing law (because the Constitution automatically displaces any conflicting statutory provision from the moment of the provision's enactment)"). Thus, "[w]hen resolution of a case or controversy requires assessing the lawfulness of an executive regulation, courts do so." *Center for Biological Diversity v. EPA*, 937 F.3d 533, 545-546 (5th Cir. 2019); *see, e.g.*, *United States v. Lott*, 750 F.3d 214, 219 (2d Cir. 2014) (deciding whether administrative regulations "failed to satisfy the notice-and-comment requirements of the APA" in criminal appeal). The APA reflects this bedrock principle by commanding courts generally to "set aside" unlawful agency actions "[t]o the extent necessary to [a] decision and when presented." 5 U.S.C. § 706(2).

The judicial power to disregard a regulation DOJ "literally has no power" to enact does not go away merely because the parties' "arguments have an Alice in Wonderland air about them," after a "case has unfolded in an unusual way." *Cruz*, 596 U.S. at 299 (under challenger's standing argument, challenger "*would*" violate the statute at issue; under government's contrary argument, challenger "would *not* violate the statute"). Just as it does "not matter whether a plaintiff [is] challenging [a] statute's enforcement or instead the enforcement of a regulation and, in doing so, raising arguments about the validity of the statute that authorized the regulation," it does not matter that SpaceX is challenging the enforcement of Section 1324b and, in doing so, raising arguments about the enforcement of an IFR that Section 1324b purportedly authorizes. *Id.* at 300. Thus,

3

whether amendment is permitted or not, there is no bar to this Court assessing the validity of the IFR while adjudicating SpaceX's Appointments Clause claim.

## II. THE CONSTITUTIONAL AVOIDANCE CANON CANNOT SAVE THE IFR

Invoking the canon of constitutional avoidance, the government also contends that amendment is futile because "[t]he statutory construction reflected in the IFR" is "fairly possible." Surreply 5-6 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001)). But it would be "internally contradictory" to allow the agency to invoke constitutional avoidance to give itself power that Congress denied it. *Cf. Whitman v. American Trucking Ass'ns*, 531 U.S. 457, 473 (2001). A strained interpretation that gives an agency authority "that Congress had omitted . . . would *itself*" violate the Constitution's separation of powers. *Id.* The government points to no example in which the canon of constitutional avoidance has been applied in this self-defeating manner. Instead, "[w]hether the statute" is unconstitutional "is a question for the courts," and the agency's proposed redrafting "has no bearing upon the answer." *Id.*[1]

Regardless, "[t]he canon of constitutional avoidance 'comes into play only when, after the application of ordinary textual analysis, the statute is found to be susceptible of more than one construction.'" *Jennings v. Rodriguez*, 138 S. Ct. 830, 842 (quoting *Clark v. Martinez*, 543 U.S. 371, 385 (2005)). "In the absence of more than one plausible construction, the canon simply has no application." *Johnson v. Arteaga-Martinez*, 143 S. Ct. 1827, 1833 (2022). As SpaceX has already explained the ordinary tools of statutory construction foreclose the internal agency review the IFR purports to provide. *See* Reply 2-7.

---

[1] The government disputes that the IFR was promulgated in response to SpaceX's motion by arguing that such a regulatory change was listed as a proposed rule in a DOJ agenda. *See* Surreply 4 n.1. But that does not explain DOJ's decision to effect the change immediately via a mid-litigation (and post-preliminary-injunction-motion) interim final rule.

**III.     THE APPOINTMENTS- SEVERABILITY ARGUMENT IS FORFEITED**

Although beyond the scope of this reply, SpaceX notes that the government forfeited the argument that this Court can "sever[] the relevant portion of § 1324b to the extent it precludes further agency review." Surreply at 10; *see Branch v. CEMEX, Inc.*, No. H-11-1953, 2012 WL 2357280, at *9 (S.D. Tex. June 20, 2012) (collecting cases for the proposition that "[l]egal arguments raised for the first time in a surreply . . . are waived"). "A surreply, when allowed, is limited to addressing only new arguments raised for the first time by the opposing party in their reply briefing and not included in the original motion." *Id.* (internal quotations omitted). After SpaceX's original motion explained why "[s]everability cannot cure the Appointments Clause issue," Mot. 11, the government's response did "not dispute that . . . there is no logical way to 'sever[] the unconstitutional portion of the statute' and thereby fix the Appointments Clause problem," Reply 2 (quoting *United States v. Arthrex*, 141 S. Ct. 1970, 1986 (2021)). The government nevertheless claims it can raise severability for the first time in a surreply because SpaceX "now seeks to add a challenge to the [IFR]." Surreply 11 n.9. But that has nothing to do with severability. It was the government's choice to put all its eggs in the IFR basket.

If the Court is nonetheless interested in hearing SpaceX's substantive response to this (meritless) new argument, SpaceX will file a short memorandum promptly upon request.

***

None of the government's new (or old) arguments alters the conclusion that the preliminary injunction factors overwhelmingly favor SpaceX. At a minimum, the government's still-evolving arguments—and repeated reliance on the fact that *Jarkesy* "is before the Supreme Court this term," Surreply 18; *see also* Opp. 15—reinforce the need for a preliminary injunction to preserve the status quo and protect SpaceX from irreparable harm while both this Court and the Supreme Court fully consider these significant constitutional issues.

## CONCLUSION

SpaceX respectfully asks this Court to grant SpaceX's motion to supplement or amend, as well as to preliminarily enjoin the OCAHO proceedings against SpaceX by November 9, 2023.

Respectfully submitted,

Dated: November 6, 2023

/s/ Laura Warrick
Laura Warrick
Attorney-in-Charge
Texas Bar No. 24079546
Southern District of Texas Bar No. 3437415
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-4770
Facsimile: (214) 969-4343
lwarrick@akingump.com

James E. Tysse (*pro hac vice*)
Of Counsel
D.C. Bar No. 978722
Charles F. Connolly (*pro hac vice*)
Of Counsel
D.C. Bar No. 455969
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
jtysse@akingump.com

*Counsel to Plaintiff Space Exploration Technologies Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2023, a copy of the foregoing document was filed electronically and served pursuant to this Court's ECF Filing System, upon counsel of record.

    /s/ Laura Warrick
Laura Warrick
Attorney-in-Charge
Texas Bar No. 24079546
Southern District of Texas Bar No. 3437415
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-4770
Facsimile: (214) 969-4343
lwarrick@akingump.com