United States District Court
Southern District of Texas
**ENTERED**
November 08, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| SPACE EXPLORATION TECHNOLOGIES, CORP. aka SpaceX, "Plaintiff," | § | |
| v. | § | Civil Action No. 1:23-cv-00137 |
| CAROL BELL, et al., "Defendants." | § | |

**ORDER**

Before the Court is Plaintiff's "Motion for Preliminary Injunction" ("Motion") (Dkt. No. 11), Defendant's "Response to Plaintiff's Motion" (Dkt. No. 20), Plaintiff's "Reply in Support of its Motion" (Dkt. No. 24), and Defendant's "Surreply in Opposition to Plaintiff's Motion" (Dkt. No. 26). Plaintiff's Motion (Dkt. No. 11) is **GRANTED in part** for these reasons:

## I. BACKGROUND

Congress made it unlawful for an employer to discriminate based on national origin or citizenship status in the hiring or firing of any applicant or employee in 8 U.S.C. § 1324b. The Department of Justice's ("DOJ") Immigrant and Employee Rights Section ("IER") enforces § 1324b by bringing administrative proceedings against an alleged wrongdoer. Dkt. No. 11 at 10; Dkt. No. 20 at 3. The Office of the Chief Administrative Hearing Officer ("OCAHO") administrative law judges ("ALJ") adjudicate § 1324b proceedings. Dkt. No. 11 at 10; Dkt. No. 20 at 3. The U.S. Attorney General appoints OCAHO ALJs. Dkt. No. 11 at 10; Dkt. No. 20 at 3. An ALJ assigned to hear a § 1324b action has "all appropriate powers necessary to conduct fair and impartial hearings." 28 C.F.R. § 68.28. After a hearing ends, the ALJ issues a "final" decision that may be appealed only to a U.S. court of appeals. 8 U.S.C. § 1324b(g)(1); 28 C.F.R. § 68.57.

The IER filed an administrative complaint (Dkt. No. 11-2) against Plaintiff in August 2023 alleging Plaintiff violated 8 U.S.C. § 1324b. *Id.* OCAHO ALJ Defendant Carol Bell presides over these administrative proceedings. Dkt. No. 11-1 at ¶ 18. The IER seeks civil penalties, backpay, and the reinstatement of aggrieved applicants from Plaintiff. Dkt. No. 11-2 at 16.

In October 2023, almost a month after Plaintiff sued, the Executive Office of Immigration Review ("EOIR") published an interim final rule ("IFR") "to provide that the Attorney General may, in his discretion, review decisions and orders of ALJs in the OCAHO in cases arising under

§ 1324b". 88 Fed. Reg. 70,586-01 (Oct. 12, 2023) (to be codified at 28 C.F.R. pt. 68). The IFR became effective immediately. *Id.*

Plaintiff now moves for a preliminary injunction to halt the administrative proceedings.

## II. LEGAL STANDARD

Granting a preliminary injunction is the "exception rather than the rule." *House of the Homeless, Inc. v. Widnall*, 94 F.3d 176, 180 (5th Cir. 1996). "A plaintiff seeking a preliminary injunction must clearly show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Planned Parenthood of Gulf Coast, Inc. v. Gee*, 862 F.3d 445, 457 (5th Cir. 2017). The moving party bears the burden of proving each element. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

## III. DISCUSSION

### a. Plaintiff's request for a hearing is denied.

Plaintiff requests that the Court hold a hearing. The Court rules on opposed motions by submission, L.R. 6(B), and it need not hold a hearing on a motion for preliminary injunction if there is no dispute of fact. *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). Finding no dispute of fact, Plaintiff's request for a hearing is **DENIED.**

### b. Plaintiff has standing to bring its Appointments Clause and removal claims.

Defendants argue Plaintiff lacks standing to bring its Appointments Clause and removal claims because Plaintiff has failed to show an injury-in-fact. Dkt. Nos. 20 & 26.

To establish Article III standing, Plaintiff must show, among other things, that it has suffered an injury in fact. *Wendt v. 24-Hour Fitness USA, Inc.*, 821 F.3d 547, 550 (5th Cir. 2016). An injury-in-fact constitutes "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

To have standing to bring Plaintiff's removal claim, Plaintiff must show that "the unconstitutional removal provision inflicted harm." *Collins v. Yellen*, 141 S. Ct. 1761, 1783, 1788-89 (2021). Proceeding before "an unaccountable ALJ" "is a here-and-now injury" "that is impossible to remedy once the proceeding is over." *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598

U.S. 175, 191 (2023). Thus, if Plaintiff can show that OCAHO ALJs are unconstitutionally insulated from removal, Plaintiff will be harmed by having to proceed before an unaccountable ALJ. Plaintiff therefore has standing to bring its removal claim.

Similarly, Plaintiff's injury-in-fact in its Appointments Clause claim is also facing unlawful agency authority because § 1324b does not provide for the Attorney General's review of OCAHO ALJs' decisions. Defendants argue that the IFR cures the constitutional defect with § 1324b, and thus Plaintiff is not harmed by the IFR. Dkt. No. 20. But Plaintiff alleges the IFR expressly conflicts with § 1324b, and thus Plaintiff is still ultimately subjected to unconstitutional agency authority. *Id.* Plaintiff's injury must be traceable "to allegedly unlawful conduct of the defendant, not to the provision of law that is challenged." *Collins*, 141 S. Ct. at 1779. Plaintiff's "concrete injury flows directly from" the allegedly unlawful administrative proceedings, and the IFR does not "operate independently" from those proceedings. *Id.*; *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 301 (2022). Plaintiff has therefore alleged an injury-in-fact and has standing to bring its Appointments Clause claim.

**c. Plaintiff is entitled to an injunction on its Appointments Clause claim.**

***i. Plaintiff is likely to succeed on the merits of its claim that Section 1324b violates the Appointments Clause because OCAHO ALJs' decisions are not subject to review by the Attorney General.***

Under the Appointments Clause, the President must appoint all federal "principal officers" with the advice and consent of the Senate. U.S. Const. art. II, § 2, cl. 2. But Congress may allow the head of a department to appoint "inferior officers." *United States v. Arthrex, Inc.*, 141 S. Ct. 1970, 1979, 210 (2021) (quoting *Edmond v. United States*, 520 U.S. 651, 660 (1997)). An inferior officer must be "directed and supervised" by a principal officer. *Arthrex, Inc.*, 141 S. Ct. at 1980 (citing *Edmond*, 520 U.S. at 662).

OCAHO ALJs are appointed by the Attorney General (a principal officer), so they are "inferior officers" who must be "directed and supervised" by the Attorney General. Dkt. No. 11 at 5; Dkt. No. 20 at 3. In other words, the Attorney General must be able to review the decisions of OCAHO ALJs to comply with the Appointments Clause. *Arthrex, Inc.*, 141 S. Ct. at 1980-82 (holding that it violated the Appointments Clause for inferior adjudicative officials to render decisions that are not subject to review by a principal officer). Based on § 1324b's plain language,

broader context, and legislative history, it is clear the decisions of OCAHO ALJs are not subject to the Attorney General's review.

Section 1324b requires an OCAHO ALJ to issue "an order, which shall be final unless appealed as provided under subsection (i)." 8 U.S.C. § 1324b(g)(1). Subsection (i) provides that the forum for an aggrieved party to "seek a review of such order" lies exclusively "in the United States court of appeals" "60 days after the entry of such final order." *Id.* § 1324b(i). It does not affirmatively provide for the Attorney General to review OCAHO ALJ decisions. *Id.*

The broader context of the statute also reinforces the plain text interpretation. Section 1324b is between Sections 1324a (governing unlawful employment of aliens) and 1324c (governing document fraud), which specifically provide for "administrative appellate review" of ALJ decision by the Attorney General. 8 U.S.C. §§ 1324a(e)(7), 1324c(d)(4). Congress' decision not to provide for "administrative appellate review" by the Attorney General in 1324b must therefore be viewed as intentional. *See, e.g.*, *Ysleta Del Sur Pueblo v. Texas*, 142 S. Ct. 1929, 1939 (2022).

The statute's legislative history also clarifies that Congress did not intend for the Attorney General to have the authority to review OCAHO ALJ decisions. H.R. Rep. No. 99-682, 14 (1986) ("[T]he amendment makes clear that an [ALJ]'s order in a discrimination case . . . is a final agency order and is enforceable immediately unless appealed in accordance with provisions specified."). Congress made clear that "once an ALJ issues his/her order, it becomes a final agency order," and it did not mention further review by the Attorney General. *Id.*

Indeed, until recently the DOJ advised that ALJ orders in § 1324b cases were not subject to the Attorney General's review. 88 Fed. Reg. 70,586-01; *see Amazon Web Servs. Inc.*, 14 OCAHO no. 1381h, 2 (2021). Defendants argue that the recently published IFR saves § 1324b because it advises that §1324b should be read to "expressly account for review of ALJ decisions by the Attorney General." Dkt. No. 20; 88 Fed. Reg. 70586-01. But the new IFR conflicts with the plain language of § 1324b, which only provides for review in an Article III court.[1] Thus, the IFR is unlawful, and § 1324b proceedings are unconstitutional because the Attorney General is not allowed to review OCAHO ALJs' decisions. *Cf. Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457,

[1] "Review outside Article II . . . cannot provide the necessary [executive] supervision" to comply with the Appointments Clause. *Arthrex*, 141 S. Ct. at 1982.

472 (2001) (holding that an agency could not "cure" an unlawful statute "by adopting in its discretion a limiting construction of the statute").

For these reasons, Plaintiff has shown that it is likely to succeed on the merits of its Appointments Clause claim.

***ii. Plaintiff is likely to obtain the remedy it seeks because the unconstitutional provisions of § 1324b are not severable.***

Plaintiff has also shown that it is necessary to stay the administrative proceedings because the unconstitutional provisions of § 1324b are not severable. Section 1342b contains no express severability clause. The Court "cannot rewrite a statute and give it an effect altogether different from that sought by the measure viewed as a whole." *Murphy v. Nat'l Collegiate Athletic Ass'n*, 138 S. Ct. 1461, 1482 (2018) (quoting *R.R. Ret. Bd., v. Alton R. Co.*, 295 U.S. 330, 362 (1935)).

Section 1324b provides for "Review of final orders." 8 U.S.C. § 1324b(i). "[A]ny person aggrieved by such final order may seek review of such order in the United States court of appeals." *Id.* There is no provision that affirmatively authorizes the Attorney General to review OCAHO ALJ decisions under Section 1324b. Thus, no provision exists that could be severed to enable administrative review. *Compare with Arthrex, Inc.*, 141 S. Ct. at 1987 (holding that the appropriate remedy for administrative patent judges whose decisions were not subject to review by the Director of the Patent and Trademark Office was to sever the provision of the statute that affirmatively provided for review by Patent Trial and Appeal Board members).

Interpreting § 1324b to not provide for further administrative review also reflects Congress' intent. H.R. Rep. No. 99-682, 14 (1986) ("[T]he amendment makes clear that an [ALJ]'s order in a discrimination case . . . is a final agency order and is enforceable immediately unless appealed in accordance with provisions specified."). Congress made clear that "once an ALJ issues [their] order, it becomes a final agency order" and did not mention further review by the Attorney General. *Id.* "A textual judicial supplementation is particularly inappropriate when, as here, Congress has shown it knows how to adopt the omitted language or provision." *Rotkiske v. Klemm*, 140 S. Ct. 355, 361 (2019).

For these reasons, Plaintiff has shown it is likely the statute cannot be severed in a way to provide for further administrative review. Thus, an injunction is an appropriate remedy.

***iii. Plaintiff will likely suffer irreparable injury if the administrative proceedings are not enjoined.***

Plaintiff has also shown that without an injunction it is "likely to suffer irreparable harm." *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 585 (5th Cir. 2013). Irreparable harm refers to harm for which there is no adequate remedy at law. *Id.* The party seeking a preliminary injunction must prove irreparable harm is likely, not merely possible. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Deprivation of a constitutional right "unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *see* 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice, and Procedure § 2948.1 at 160–161 (2d ed. 1995) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."). Plaintiff is being subjected "to unconstitutional agency authority," which "is impossible to remedy once the proceeding is over." *Axon Enterprise, Inc.*, 598 U.S. at 191.

For these reasons, Plaintiff has shown it is likely to suffer irreparable harm absent an injunction.

***iv. The balance of the harms and the public interest weigh in Plaintiff's favor.***

The third and fourth factors of the preliminary injunction analysis—harm to others and the public interest— "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Defendants do not allege any harm that they would suffer if an injunction were issued. Dkt. No. 20. By contrast, Plaintiff will have to participate in unconstitutional proceedings. The balance of harms thus weighs Plaintiff's favor.

The public interest factor also weighs in Plaintiff's favor. "There is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016); *Burgess v. Fed. Deposit Ins. Corp.*, 639 F. Supp. 3d 732, 749 (N.D. Tex. 2022) (quoting *U.S. Navy SEALs 1-26 v. Biden*, 578 F. Supp. 3d 822, 840 (N.D. Tex. 2022) ("An injunction does not disserve the public interest when it prevents constitutional deprivations."). Because OCAHO ALJ decisions are not subject to the Attorney General's review,

Plaintiff is being subjected to unlawful agency action. There is thus no public interest in the ALJ administrative hearing.

For these reasons, the Court finds that Plaintiff is entitled to an injunction staying the ALJ administrative proceedings.

**d. Plaintiff is not entitled to an injunction on its removal claims because the unconstitutional provisions, if any, are severable.**

The Constitution gives the President the general authority to remove executive branch officers at will. *Seila*, 140 S. Ct. at 2191 (quoting *Free Enter. Fund v. Public Co. Acct. Oversight Bd.*, 561 U.S. 477, 130 S. Ct. 3138 (2010)). But Congress may provide tenure protections to certain inferior officers with narrowly defined duties. *Id.* at 2129.

OCAHO ALJs are removable "by the agency in which the [ALJ] is employed only for good cause established and determined by the Merit Systems Protection Board ["MSPB"] on the record after opportunity for hearing before the Board." 5 U.S.C. § 7521(a); *see* 28 C.F.R. § 68.26. The MSPB members "may be removed by the President only for inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d). Plaintiff argues this unconstitutionally insulates OCAHO ALJs from removal because they are the types of officers the President must be able to remove at will.

Even if this is true,[2] the Court can sever the unconstitutional statutory provisions. *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2350 (2020); *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 328 (2006). Statutes are generally severable if "the remainder of the law is capable of functioning independently and thus would be fully operative as a law." *Barr*, 140 S. Ct. at 2353. It is "unusual" for the remaining law to be inoperative. *Id.* at 2352.

Severing both removal restrictions would make OCAHO ALJs accountable to the President, so there is no need to stay proceedings an OCAHO ALJ may conduct. Dkt. No. 11 at 27. *See Collins*, 141 S. Ct. at 1788 (holding that a properly appointed officer's insulation from removal does not undermine the officer's authority "to carry out the functions of the office.").

For these reasons, the Court finds that Plaintiff has not shown it is entitled to an injunction instead of severance on its removal claim.

---

[2] *See K&R Contractors, LLC v. Keene*, No. 20-202, 2023 WL 7312503, at *9 (4th Cir. Nov. 7, 2023) (recognizing the split between the Fifth and Ninth circuits about whether the dual for-cause limitations on the removal of ALJs in 5 U.S.C. §§ 1202(d) and 7521 are constitutional).

**e. Plaintiff is not entitled to an injunction on its Article III and Seventh Amendment claims because it is unlikely to succeed on the merits of these claims.**

Under Article III, the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts" Congress may establish. U.S. Const. art. III, § 1. The Seventh Amendment guarantees a right to civil jury trials over "suits at common law" where the value in controversy exceeds twenty dollars. U.S. Const. amend. VII. But Congress may create new statutory duties for civil penalties to enforce "public rights" that are not subject to the Seventh Amendment. *Atlas Roofing Co., Inc., v. OSHA*, 430 U.S. 442, 450, 460-61 (1977).

Even if claims under § 1324b are "suits at common law," Congress created a new statutory duty that protects public rights. Finding that existing statutory and common law remedies were insufficient, Congress enacted § 1324b to "augment the goals found in Title VII of the Civil Rights Act" "by extending the prohibition against national origin discrimination to employers with less than fifteen, but more than three, employees." *Gen. Dynamics Corp. v. United States*, 49 F.3ed 1384, 1385 (9th Cir. 1995). Section 1324b also "prohibits employer discrimination based on citizenship status, a proscription not encompassed by other anti-discrimination statutes." *Id.*

Section 1324b also protects public rights. Other courts have found that administrative claims in which immigration and employment laws are intertwined, like § 1324b claims, implicate public rights. *E.g., Frank's Nursery, LLC v. Walsh*, No. CV H-21-3485, 2022 WL 2757373, at *8 (S.D. Tex. July 14, 2022) (rejecting Article III challenge to agency adjudication of alleged violations of immigrant workplace protections); *Sun Valley Orchards, LLC v. U.S. Dep't of Lab.*, No. 1:21-CV-16625, 2023 WL 4784204, at *6 (D.N.J. July 27, 2023) (same); *Noriega-Perez v. United States*, 179 F.3d 1166, 1175 (9th Cir. 1999) (rejecting Article III challenge to agency adjudication of violations of 8 U.S.C. § 1324c); *see also Curtis*, 415 U.S. at 193 (recognizing that the Seventh Amendment does not apply to Title VII cases). Because § 1324b proceedings concern both immigration and employment law, the Court finds § 1324b proceedings protect public rights and are thus excepted from the Seventh Amendment.

For these reasons, Plaintiff is not likely to succeed on the merits of its Article III and Seventh Amendment claims.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion (Dkt. No. 11) is **GRANTED in part and DENIED in part**. The Court holds that 8 U.S.C. § 1324b does not allow "administrative appellate review" by the Attorney General of OCAHO ALJ final orders. The Court **STAYS** the following administrative proceedings: *United States of America v. Space Exploration Technologies Corp. d/b/a SpaceX*, 2023-B-00082. The injunction becomes effective immediately and remains in effect pending the final disposition of this lawsuit. The Court waives the security requirement of Fed. R. Civ. P. 65(c).[3]

Signed on this 8th day of November, 2023.

Rolando Olvera
United States District Judge

[3] Neither party raised the security requirement, so no security is ordered. *See Nat'l Ass'n for Gun Rts., Inc. v. Garland*, No. 4:23-CV-00830-O, 2023 WL 6613080, at *22 (N.D. Tex. Oct. 7, 2023).